FILED

2017 JUN 15 AM 10: 14

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JOSE PEREZ, ALFREDO SANTOS, )
and DOUGLAS RICHEY, on behalf of )
themselves and all others similarly )
situated, )
)
Plaintiffs, )  Case No. 6:17-cv-1092-ORL-41-GJK
)
v. )  **JURY DEMANDED**
)
OWL, INC. d/b/a/ OWL INC. )
TRANSPORTATION, )
)
Defendant. )

## CLASS AND COLLECTIVE ACTION COMPLAINT

**I.  INTRODUCTION**

1. This is a class and collective action brought by Jose Perez, Alfredo Santos, and Douglas Richey on behalf of current and former drivers who have worked for Defendant Owl, Inc. ("Owl"). Owl is a company that provides transportation services for veterans and other patients throughout Florida and several other states, pursuant to federal service contracts.

2. Throughout their employment, Owl's drivers routinely work more than 40 hours a week. Owl, however, fails to pay its drivers overtime when they work more than 40 hours in a week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

3. In addition, Owl has entered into contracts with the federal government, which require that Owl pay its drivers at prevailing wage rates determined by the United

States Department of Labor. Owl has also breached its contracts with Plaintiffs and other drivers by failing to pay them at the applicable prevailing wage rate for all hours worked. Although the work of the drivers indicates they should be paid at a minimum the prevailing wage for "ambulance drivers," in accordance with the U.S. Department of Labor's "Service Contract Act Directory of Occupations," they are paid a much lower rate of pay.

4. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated, seeking reimbursement for overtime wages and prevailing wages, as well as liquidated damages, attorneys' fees and costs, and interest.

## II. JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b), since this action arises under the FLSA, and under 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claim for breach of contract because that claim derives from a common nucleus of operative facts as the federal claim asserted herein.

7. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the unlawful conduct described herein occurred within this judicial district. Owl is incorporated in Florida and maintains a physical location within this judicial district.

## II. THE PARTIES

8. Plaintiff Jose Perez is an adult resident of Orlando, Florida. From approximately August 2015 to April 2017, Mr. Perez worked for Owl, out of its offices in Orlando and Daytona Beach, transporting Veterans Administration patients.

9. Plaintiff Alfredo Santos is an adult resident of Longwood, Florida. From approximately May 2015 to the present, Mr. Santos has worked for Owl out of its office in Orlando transporting Veterans Administration patients.

10. Plaintiff Douglas Richey is an adult resident of Casselberry, Florida. From approximately January 2016 to the present, Mr. Richey has worked for Owl out of its office in Orlando transporting Veterans Administration patients.

11. Plaintiffs bring this action on behalf of a class of similarly situated individuals, namely, all other persons who have worked for Owl as drivers transporting patients.

12. Defendant Owl, Inc. is a Florida corporation, with its headquarters located in St. Johns, Florida.

## III. STATEMENT OF FACTS

13. Owl contracts with federal agencies, including the Veterans Administration, to provide transportation of patients throughout Florida and in other states across the country, including California, Georgia, Missouri, North Carolina, South Carolina, Virginia, and Kansas.

14. Plaintiffs and class members are drivers who have been employed by Owl to provide transportation to patients who are unable to travel on their own, usually due to disabling conditions.

15. Owl has provided its drivers with modified vans and ambulances capable of carrying a passenger in a wheelchair or stretcher.

16. The drivers receive their daily assignments from Owl each morning, and they may receive additional assignments from Owl dispatchers throughout the day.

3

17. The drivers are responsible for driving to the patient's residence, loading the patient into the vehicle, including periodically lifting a patient out of a bed onto a stretcher, tying down the wheelchair or stretcher, securing oxygen tanks or other items of the patient, and then transporting the patient to a clinic or hospital for treatment.

18. At times, the drivers are required to work in pairs to restrain mentally ill patients who pose a danger to the driver and themselves.

19. Upon arrival at the clinic or hospital, the drivers are responsible for unloading the patient and transporting the patient to their appointment.

20. The drivers are further responsible for returning patients to their homes, which often include wheeling a patient into a house or carrying a stretcher patient into a bedroom.

21. The drivers are responsible for immediately cleaning up the vehicle in the event a patient throws up or human waste is spilled. In addition, drivers are expected to change soiled linens and dispose of medical waste.

22. Most of the drivers' work day is spent operating a van, transporting patients.

23. The drivers are given CPR training and are trained on how to handle patients in transit.

24. The drivers are required to inspect and clean the vans at the beginning and end of each work day, and on Fridays to thoroughly wash and clean both the inside and outside of the vans.

25. When the drivers are hired by Owl, they are typically given a short probationary period during which they are paid an hourly rate, typically $10.99 per hour.

26. After the probationary period, Owl usually transfers drivers from the hourly pay schedule to an annual salary schedule of approximately $26,400. Owl calls these salaried drivers "road supervisors." Other than the change of title and the change from hourly to salary compensation, the work performed by the drivers remains the same. These so-called road supervisors do not supervise anyone and have no supervisory responsibilities. Plaintiffs Perez, Santos, and Richey are, or were, drivers classified as "road supervisors" and paid on a salary basis.

27. The salaried drivers are generally assigned to work five or six days a week and, on occasion, 7 days a week.

28. The salaried drivers often work nine to ten hours a day, and sometimes twelve or more hours during a work day.

29. The salaried drivers routinely work more than 40 hours in a work week but do not receive overtime pay.

30. Owl's manager, Anthony Crittenden, repeatedly reaffirmed Owl's unwillingness to pay overtime pay to drivers, including at a "drivers meeting" held on or about November 30, 2016.

31. In addition, Owl has paid its drivers far less than the prevailing wages and benefits required to be paid by employers who enter into federal contracts.

32. For example, the Department of Labor Wage Determination No. 2015-4553, "ambulance driver[s]" (listed under Occupation Code No. 12010) working under federal service contracts in Orange County, Florida, shows a prevailing wage of $17.49 an hour for "ambulance drivers." See Wage Determination No. 2015-4553 (rev. June 30, 2016) (attached as Ex. A). As of May 11, 2017, the prevailing wage for ambulance

5

drivers in Orange County, Florida, was raised to $17.78 per hour. See Wage Determination No. 2015-4553 (rev. May 11, 2017) (attached as Ex. B).

33. The Wage Determinations state that the job titles and corresponding duties are drawn from the Service Contract Act Directory of Occupations.

34. Owl's drivers meet the definition for "ambulance driver" under the Service Contract Act Directory of Occupations.[1]

35. However, rather than receiving these prevailing wage rates for "ambulance drivers," Owl drivers receive much lower rates of pay. The Plaintiffs and other class members regularly worked 50-60 hours in a week. Based on an estimate of just 50 hours a week, the $26,400 annual salary of the drivers classified as "road supervisors" results in an hourly rate below the prevailing wage for ambulance drivers.[2]

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring this FLSA claim for overtime pay on behalf of all of the following individuals who choose to opt in to this action pursuant to 29 U.S.C. § 216(b). Plaintiffs will request that the Court authorize the issuance of notice to these individuals, allowing them to opt in to this case:

> All current and former employees of Owl, Inc. employed as drivers throughout the United States who worked more than 40 hours in a week

---

[1] An "Ambulance Driver drives an ambulance to transport sick, injured or convalescent persons, places patients on stretcher and loads stretcher into ambulance (usually with help of ambulance attendant), takes sick or injured persons to hospital or convalescents to destination, using knowledge and skill in driving to avoid sudden motions detrimental to patients, changes soiled linen on stretcher, administers first aid as needed; may shackle violent patients, and may report facts concerning accident or emergency to hospital personnel or law enforcement officials." Service Contract Act Directory of Occupations (Fifth Ed.) No. 12010 at p. 34.

[2] Even though Plaintiff and other class members meet the definition of "ambulance driver" under the Service Contract Act Directory of Occupations and must be paid at that rate, the drivers' pay was also below that required of "shuttle bus drivers," who are required to receive a prevailing wage of $15.10 per hour. See Wage Determination Code No. 31290.

without receiving overtime pay since three years prior to the filing of the complaint.

37. Plaintiffs performed the same or similar work as these other drivers who may opt in to this case.

38. Plaintiffs and other drivers who may opt in to this case regularly work in excess of 40 hours per week.

39. Plaintiffs and other drivers who may opt in to this case are not exempt from receiving overtime pay under the FLSA. They are not bona fide executive, administrative, or professional employees; they do not meet the minimum salary threshold to qualify as exempt employees; nor do they fall under another exemption from overtime pay.

## CLASS ACTION ALLEGATIONS

40. Plaintiffs' breach of contract claim for failure to pay the prevailing wage is brought by the Plaintiffs on behalf of the following class ("Rule 23 class"), pursuant to Fed. R. Civ. P. 23(b)(3):

> All current and former employees of Owl, Inc. employed as drivers pursuant to federal service contracts throughout the United States who did not receive the prevailing wage for their work as determined by the United Stated Department of Labor, since five years prior to the filing of the complaint.

41. The members of the Rule 23 class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the proposed class. During the relevant statute of limitations, Owl has employed dozens of drivers in Florida alone, and upon information and belief, hundreds of other drivers throughout the United States.

42. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 class because there is no conflict between the claims of Plaintiffs and those of the class, and Plaintiffs' claims are typical of the claims of the Rule 23 class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

43. There are questions of law and fact common to the proposed Rule 23 class, which predominate over any questions affecting only individual class members, including, without limitation, whether Owl has violated and continues to violate the law through its policy or practice of not paying its drivers the required prevailing wage.

44. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Rule 23 class members, while substantial, are not great enough to enable them to maintain separate suits against Owl.

45. Without a class action, Owl will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Rule 23 class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
## Fair Labor Standards Act
## (Collective Action)

46. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 45 supra.

47. As set forth above, Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay its drivers overtime pay for all hours worked in excess of 40 per workweek.

48. Defendant is an "employer" for the purposes of the FLSA, 29 U.S.C. §203(s), because it has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce and is an enterprise whose annual gross sales or business of at least $500,000.

49. Plaintiffs and other drivers who may opt in to this case are employees within the coverage of the FLSA and do not fall within any of the FLSA's overtime exemptions, nor do they meet the salary test or the duties test for any exemption.

50. Plaintiffs and other drivers who may opt in to this case regularly work or worked more than 40 hours per workweek.

51. When a law other than the FLSA sets a minimum wage higher than that set by the FLSA, the "regular rate" is at least this higher minimum wage. 29 C.F.R. §778.5.

52. Plaintiffs and other drivers who may opt in to this case worked for Owl pursuant to federal contracts setting a prevailing wage higher than the minimum wage. See 41 U.S.C. § 6703(1); 29 C.F.R. § 4.6; Dep't of Labor Wage Determination No. 2015-4553.

53. The prevailing wage rate for the work performed by Plaintiffs and other drivers who may opt in to this case is higher than the federal minimum wage and, thus, the prevailing wage is the regular rate of pay for determining the amount of overtime pay owed under the FLSA.

54. Defendant has engaged in and continues to engage in willful violations of the FLSA, since its conduct demonstrates that either it knows and has known that its

conduct violated the FLSA or has shown reckless disregard for whether its actions complied with the FLSA.

55. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiffs and other drivers who may opt in to this case for unpaid overtime compensation at a rate based on the prevailing wage, plus an additional equal amount as liquidated damages, along with reasonable attorney's fees and costs of the action.

## COUNT II
### Breach of Contract
### (Rule 23 Class Action)

56. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 45 supra.

57. Defendant's actions, as set forth above, constitute a breach of the employment contract between Defendant and its drivers.

58. The acceptance of an offer of employment with Defendant, and the law and regulations applicable to federal service contracts under the Service Contract Act and Contract Work Hours and Safety Standards Act, constitute the employment contract between Defendant and its drivers.

59. Plaintiffs and the other class members satisfactorily performed all employment duties and responsibilities required of them under their employment contracts with Defendant.

60. At all times relevant to this lawsuit, under federal service contracts exceeding $2,500, employers have been required to pay employees a prevailing wage as determined by the Department of Labor. See 41 U.S.C. § 6703(1); 29 C.F.R. § 4.6.

61. Plaintiffs and the other class members' duties and responsibilities satisfy the job classification for "ambulance driver" under the Department of Labor's Service Contract Act Directory of Occupations (Fifth Ed.) No. 12010. The prevailing wage for "ambulance drivers" has been set between $17.49 per hour and $17.78 per hour.

62. Defendant breached the employment contracts with Plaintiffs and the other class members by compensating its drivers below the applicable prevailing wage for their work.

63. Defendant's breach of the employment contracts caused Plaintiffs and the other class members substantial injuries, for which Plaintiffs and the other class members are entitled to actual and consequential damages and prejudgment interest.

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court enter the following relief:

1. An order permitting this litigation to proceed as a collective action with respect to Count I and permitting Plaintiffs to notify fellow workers of their right to opt-in to this action to pursue a claim under the FLSA, pursuant to 29 U.S.C. 216(b);

2. An order certifying this case to proceed as a class action in accordance with Fed. R. Civ. P. 23(b)(3) with respect to Count II;

3. Granting judgment in favor of Plaintiffs and the other class members against Defendant Owl, Inc. on Plaintiffs and the other class members' claims for overtime pay under the FLSA and awarding them back pay equal to the amount of all

unpaid overtime for a period beginning three (3) years preceding the filing of this complaint, plus an additional equal amount in liquidated damages;

4. Granting judgment in favor of Plaintiffs and the other class members against Defendant Owl, Inc. for breach of the employment contracts with Plaintiffs and the other class members, and awarding each of the Plaintiffs and other class members their actual and consequential damages and prejudgment interest;

5. An award of back pay equal to the prevailing wage for ambulance drivers

6. An award attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

7. Injunctive relief requiring Owl, Inc. to comply with all applicable federal and state laws and cease their illegal practices;

8. Any other relief to which the Plaintiffs and the Class members may be entitled.

DATED: June 15, 2017

Respectfully Submitted,
JOSE PEREZ, ALFREDO SANTOS,
and DOUGLAS RICHEY, individually
and on behalf of all others similarly
situated,

By their attorneys,

_____
Joseph Egan
Florida Bar No. 180102
Eric Lindstrom
Florida Bar No. 104778
Egan, Lev, Lindstrom & Siwica, P.A.
P.O. Box 2231
Orlando, FL 32802
(407) 422-1400
jegan@eganlev.com
elindstrom@eganlev.com

**Trial Counsel**

Shannon Liss-Riordan
(*pro hac vice* forthcoming)
Benjamin J. Weber
(*pro hac vice* forthcoming)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994 5800
sliss@llrlaw.com
bweber@llrlaw.com