UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE PEREZ, ALFREDO SANTOS and
DOUGLAS RICHEY,

       **Plaintiffs,**

v.                                                    Case No:  6:17-cv-1092-Orl-41GJK

OWL, INC.,

       **Defendant.**
_____/

### ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for Issuance of Notice ("Motion," Doc. 29). United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation ("R&R," Doc. 78), recommending that the Court deny Plaintiffs' Motion. Specifically, Judge Kelly concluded that Plaintiffs were not similarly situated to the proposed class and therefore could not pursue a collective action under 29 U.S.C. § 216(b). (*Id.* at 13). Plaintiffs filed an Objection to the R&R (Doc. 81). After a *de novo* review of the record, and noting Plaintiffs' Objection, the R&R will be adopted in part and rejected in part.

### I. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per

curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

Judge Kelly recommended denying Plaintiffs' Motion because the hourly employees and the salaried employees of Defendant were not subject to a similar pay provision. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991) (noting that to issue a notice to employees wishing to opt-in to the litigation, those employees must be "'similarly situated' with respect to their job requirements and with regard to their pay provisions"). The Court agrees with Judge Kelly's analysis and that the hourly employees and the salaried employees are not subject to the same or similar pay provision.

However, in their Objection, Plaintiffs argue that instead of denying their Motion, the Court should divide the proposed class into two distinct classes: one for salaried employees and one for hourly employees. (Doc. 81 at 7–10). The Court finds Plaintiffs' argument regarding the creation of a subclass persuasive.[1] In *Dice v. Weiser Security Services, Inc.*, the court found that it was "not prohibited from creating a subclass" and that "the creation of such a subclass would best serve considerations of convenience, cost, judicial economy, and expeditious trial process." No. 06-61133-CIV, 2008 WL 249250, at *1 (S.D. Fla. Jan. 29, 2008) (collecting cases). Although that case involved a motion for decertification, the court acknowledged that "the district court creates an opt-in class, and certifies the class, in its sound discretion. *Id.* (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). Similarly, this Court finds that it is not prohibited from creating a subclass on a motion for issuance of notice and that the creation of such a subclass

---

[1] Defendant did not raise any argument in response to Plaintiffs' suggestion that a subclass be created.

furthers the twin purposes behind § 216(b): "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008).

Without a clear definition of the two classes and an updated notice, however, the Court declines to grant Plaintiffs' Motion at this time. Instead, Plaintiffs are encouraged to file a renewed motion that provides the Court with a clear definition of each class and an updated notice that reflects that definition.

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 78) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein. In all other respects, the R&R is **REJECTED** for the reasons stated herein.
2. Plaintiffs' Motion for Issuance of Notice (Doc. 29) is **DENIED**.
3. **On or before April 13, 2018**, Plaintiffs may file a renewed motion for issuance of notice consistent with this Order.

**DONE** and **ORDERED** in Orlando, Florida on March 30, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record