IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOSE PEREZ, ALFREDO SANTOS, and DOUGLAS RICHEY, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>OWL, INC. d/b/a/ OWL, INC. TRANSPORTATION,<br><br>*Defendant*. | Civil Action File No.<br><br>6:17-cv-1092-ORL-41-GJK |

**DEFENDANT'S OPPOSED MOTION IN LIMINE:
REGULAR RATE**

COMES NOW Defendant Owl, Inc., and files this Motion in Limine before the Court. Owl asks that Plaintiffs be prohibited from submitting evidence of any rate other than the rate actually paid and received during their employment with Owl in support of their demand for unpaid overtime wages under the FLSA. For the reasons set forth below, Defendant's Motion should be granted. Plaintiffs have stated that they oppose this motion.

**ARGUMENT AND AUTHORITY**

A.  **Legal Standard**

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). ("The real

00120765

purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds").

**B.    The Rate of Pay for Plaintiffs' Overtime Claim Must Be That Which was Actually Paid.**

It is anticipated that Plaintiffs may argue that the regular rate used to calculate the amount of unpaid overtime under the FLSA should be calculated based on the rate payable for the SCA job classification they argue they were entitled to, as opposed to the rate at which they actually were paid. This is wrong, and there is no support whatsoever for such artificial rates in the Fair Labor Standards Act (FLSA).

The regular rate of pay is an hourly rate, and it is calculated by dividing the total remuneration for employment in one workweek (except statutory exclusions) by the total number of hours actually worked "for which such compensation was paid." 29 C.F.R. §778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."). In a basic situation such as the one here, where the employees were paid a single hourly rate (*i.e.*, $10.70 per hour), that hourly rate is the "regular rate" for all hours actually worked. 29 C.F.R. §778.110(a). Then, the overtime compensation is calculated from the regular rate of pay. 29 C.F.R. §778.109. "Although the FLSA does not expressly define "regular rate" of pay, the Supreme Court has determined that it is 'the hourly rate *actually paid* the employee for the

normal, non-overtime workweek for which he is employed.'" *Grochowski v. Phoenix Const.,* 318 F.3d 80, 87 (2d Cir. 2003) (quoting *Walling v. Youngerman–Reynolds Hardwood Co.,* 325 U.S. 419, 424, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945)).

While nothing in the Service Contract Act (SCA) precludes a plaintiff from bringing a claim for unpaid overtime under the FLSA, a plaintiff who elects to pursue FLSA remedies must do so within the confines of that statute, which limits the "regular rate" to what was actually paid. *See, e.g., Grochowski,* 318 F.3d at 87 ("For the foregoing reasons, the district court properly limited the plaintiffs' claims under the FLSA for unpaid overtime compensation to one-and-a-half times the hourly rates actually paid."); *Lee v. Flightsafety Servs. Corp.*, 20 F.3d 428, 431 (11th Cir. 1994) ("It is possible that the FLSA may allow a private right of action even though the SCA does not. Such a difference between the two statutes is not a conflict.") (citation omitted); *see also Powell v. United States Cartridge Co.*, 339 U.S. 497, 519, 70 S.Ct. 755 (1950) (explaining why employees may prefer to pursue administrative remedies in some instances and FLSA remedies in others).

Plaintiffs should be prohibited from arguing that the rate upon which their overtime hours should be calculated – their "regular rate" under the FLSA – is anything other than the hourly rate of pay they actually received, which was $10.70 per hour. To do so would be contrary to the FLSA regulations and case law, prejudicial to Defendant, and would surely confuse the jury. As the Supreme Court held in *Powell*, Plaintiffs may elect to pursue other claims in another forum, but in

presenting evidence in support of their FLSA claim they must play by the FLSA's rules.

## CONCLUSION

For the foregoing reasons, Defendant's Motion should be granted, and Plaintiffs prohibited from submitting evidence of any rate other than the rate actually paid and received by them during their employment with Owl in support of their demand for unpaid overtime wages under the FLSA.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), M.D. Fla., the undersigned has conferred with counsel for the Plaintiffs who oppose this Motion.

Respectfully submitted this 1st day of February, 2019.

        */s/ J. Larry Stine*
        J. Larry Stine,
        Georgia Bar No. 682555
        jls@wimlaw.com

WIMBERLY, LAWSON, STECKEL,
  SCHNEIDER & STINE, P.C.        *Pro Hac Vice*
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 365-0900
Fax: (404) 261-3707

        */s/ Anthony D. Tilton*
        Anthony D. Tilton,
        Fla. Bar No. 108264
        atilton@cotneycl.com

COTNEY CONSTRUCTION LAW, LLP
3110 Cherry Palm Drive, Suite 290
Tampa, Florida 33619
Phone: (813) 579-3278
Fax: (813) 902-7612

        *Counsel for Defendant*