## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSE PEREZ, ALFREDO SANTOS,        )
and DOUGLAS RICHEY, on behalf of   )
themselves and all others similarly )
situated,                          )
                                   )
      *Plaintiffs*,                )
                                   )    Civil Action File No.
    v.                            )
                                   )    6:17-cv-1092-ORL-41-GJK
OWL, INC. d/b/a/ OWL, INC.         )
TRANSPORTATION,                    )
                                   )
      *Defendant*.                 )
_____ )

## DEFENDANT'S OPPOSED MOTION IN LIMINE:
## DRIVERS' "REPRESENTATIVE" TESTIMONY

COMES NOW Defendant Owl, Inc., and files this Motion in Limine before the Court.  Owl asks that Plaintiffs be prohibited from allowing any driver to testify as to the number of hours worked by any other driver without first establishing that the testifying driver has personal knowledge of hours worked by that driver. For the reasons set forth below, Defendant's Motion should be granted.  Plaintiffs have stated that they oppose this Motion.

## ARGUMENT AND AUTHORITY

### A.    Legal Standard

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) ("The real

00120941

purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds.").

**B.    No Driver Should Be Allowed to Testify About Another Driver's Hours Without Establishing Personal Knowledge.**

It is anticipated that Plaintiffs may attempt to present "representative testimony" concerning hours worked at trial in the event that all Plaintiffs do not appear.  In other words, they will argue that the testimony of a few drivers should be used to imply that other drivers worked the same hours without having personal knowledge of those facts.  They should be prohibited from doing so unless the driver can establish that he or she has personal knowledge about the hours worked by any driver other than themselves and then limit the evidence to only those drivers for which they have personal knowledge.  *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 774 (7th Cir. 2013) ("And even if the 42, though not a random sample, turned out by pure happenstance to be representative in the sense that the number of hours they worked per week on average when they should have been paid (or paid more) but were not was equal to the average number of hours of the entire class, this would not enable the damages of any members of the class other than the 42 to be calculated. To extrapolate from the experience of the 42 to that of the 2341 would require that all 2341 have done roughly the same amount of work, including the same amount of overtime work, and had been paid the same wage. No one thinks there was such uniformity.") (citations omitted).

It is axiomatic that no witness may testify at trial as to the truth of matters that are not within his or her personal knowledge:  that is hearsay.  Federal Rule of Evidence 602 limits trial testimony to matters that are within the witness's personal knowledge. Fed. R. Evid. 602; *see also Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of Saint John of Jerusalem, Knights of Malta, Ecumenical Order,* 702 F.3d 1279, 1295 (11th Cir. 2012) (holding the district court erred when it permitted a lay witness—the head of an organization—to testify at a bench trial about the organization's history where the witness had no personal knowledge of the historical facts to which he testified). The instant case includes Plaintiffs who were drivers employed by Owl in Florida, Kansas City, North Carolina, and Atlanta.  Each worked independently, driving vehicles (usually alone, with a passenger) on a highly individualized schedule that varied each day and week.  Moreover, in contrast to some cases where time records have not been maintained, there are detailed records here that show the trips made and hours worked by each driver.

Owl's drivers certainly can testify to their own hours worked, but because they lack knowledge about other drivers' schedules and hours worked, they are simply not competent to testify and should be precluded from doing so unless they can establish that they have first-hand, personal knowledge about the facts to which they testify.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion should be granted, and Plaintiffs prohibited from allowing any driver to testify as to the number of hours

worked by any other driver about whom they have no personal knowledge.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), M.D. Fla., the undersigned has conferred with counsel for the Plaintiffs who oppose this Motion.

Respectfully submitted this1st day of February, 2019.

*/s/ J. Larry Stine*
J. Larry Stine,
Georgia Bar No. 682555
jls@wimlaw.com

WIMBERLY, LAWSON, STECKEL,
   SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 365-0900
Fax: (404) 261-3707

*Pro Hac Vice*

*/s/ Anthony D. Tilton*
Anthony D. Tilton,
Fla. Bar No. 108264
atilton@cotneycl.com

COTNEY CONSTRUCTION LAW, LLP
3110 Cherry Palm Drive, Suite 290
Tampa, Florida 33619
Phone: (813) 579-3278
Fax: (813) 902-7612

*Counsel for Defendant*