## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JOSE PEREZ, ALFREDO SANTOS, and DOUGLAS RICHEY, | ) ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 6:17-cv-1092-CEM-GJK |
| OWL, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS OPT-IN PLAINTIFFS WITHOUT PREJUDICE

COMES NOW Defendant Owl, Inc., and moves this Court to dismiss the opt-in plaintiffs without prejudice. Only the three named Plaintiffs are properly before this Court with respect to all claims asserted in the Complaint. Approximately 50 other individuals have filed notices of consent purporting to join in this action. Pursuant to the Scheduling Order, this matter is set for trial for the month of June 2019. The Joint Final Pretrial Statement is due May 14, 2019. Plaintiffs' Motion for Class Certification has been denied and Plaintiffs' Renewed Motion for Notice was not granted. Defendant moves to dismiss all opt-in plaintiffs for the reasons set forth below. Plaintiffs have stated they oppose this Motion.

### INTRODUCTION

As a preliminary matter, it is important to distinguish between the Plaintiffs' claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. 216(b), and their quasi-contract claims under Florida state law and the Service Contract Act (SCA),41 U.S.C.

00126067

§6701.  Only the FLSA claims are subject to Section 216(b)'s opt-in procedures, which allow a similarly situated party to file a simple notice of consent to join a collective FLSA action.  *See* 29 U.S.C. §256.  This procedure is unique to the FLSA and brings opt-ins within the Court's jurisdiction with respect only to their FLSA claims.   In contrast, Plaintiffs' claims under Florida law and the SCA were brought as "opt-out" class actions under Fed. R. Civ. P. 23, which this Court has denied.  (Dkt. 103).  Because, as explained in more detail below, this is not a class action, and none of the opt-ins has complied with the joinder procedures set forth in Fed. R. Civ. P. 20., no opt-in Plaintiff is a proper party with respect to the state law and SCA causes of action.  They have failed to comply with the procedural requirements necessary for joining the lawsuit to pursue those claims.  In addition, some of the opt-ins worked at various locations outside Florida.  Those who were not employed in Florida cannot seek remedies which are available only under Florida law.

With respect to their FLSA claims, the opt-ins should be dismissed without prejudice for four reasons.   First, opt-ins should be dismissed because this case is not now and has never been certified as a collective action under 29 U.S.C. §216(b).  This Court never granted Plaintiffs' motion for conditional certification, and never authorized notice to be sent to potential class members as set forth in 29 U.S.C. 216(b).  Therefore, this is not a collective action; according to the 11th Circuit, the opt-in plaintiffs should be dismissed without prejudice. *See Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008).  Second, no opt-in Plaintiff timely moved to join this action as a party as provided by Fed. R. Civ. P. 20 and the time for parties to join, as

2

set forth in the Court's scheduling order, is long expired. (Dkt. 82). Accordingly, all opt-in Plaintiffs who filed consents after the July 2, 2018 deadline for moving to add parties should be stricken and dismissed from the case without prejudice. Third, discovery closed on September 19, 2018, yet putative Plaintiffs have continued to file notices of consent to join – some as recently as February 20, 2019 (Dkt. 126) – leaving Defendant no ability to depose or conduct any discovery as to these opt-in Plaintiffs. Because it would be extremely prejudicial to require Defendant to mount a defense against claimants who have joined the case after discovery closed, and on the eve of trial, these opt-in Plaintiffs should be stricken as well.  Fourth, and finally, all putative Plaintiffs who have failed to comply with the Court's Order to complete and serve answers to standard interrogatories should be dismissed for failure to comply with the Court's rules. Defendant therefore respectfully requests the Court to strike all opt-in notices.

## FACTS

The instant action was filed by three named Plaintiffs – Jose Perez, Alfredo Santos, and Douglas Richey – on their behalf and on behalf of others similarly situated. (Dkt. 1).  Plaintiffs moved for conditional certification and issuance of notice pursuant to §216(b) of the FLSA (Dkt. 29), but their motion was not granted.  Both before and after filing their motion for conditional certification, Plaintiffs submitted notices of consent to join this lawsuit on behalf of approximately 50 individuals.  (Dkt. 11, 26, 28, 30, 33, 37, 42, 59, 75, 79, 85, 86, 89, 93, 97, 99, 100, 101, 121, 122, and 126.) Pursuant to the Court's Case Management and Scheduling Order (Dkt. 82), the

00126067

deadline to amend pleadings or add parties was July 2, 2018, and discovery closed September 19, 2018. The most recent opt-in consents were filed on February 15, 2019, (Dkt. 122) and on February 20, 2019 (Dkt. 126). The Joint Final Pretrial Statement was due March 14, 2019, until the Court's Order of February 21, 2019, (Dkt. 128) resetting the due date to May 14, 2019. The Pretrial Conference is scheduled for May 20 and trial is set for the month of June 2019.

## ARGUMENT AND AUTHORITY

A.    <u>Notices of Consent to Join Are Void as to All Claims Other Than FLSA.</u>

When an individual files a consent to join a lawsuit following the procedures set forth in 29 U.S.C. §§216(b) and 256, that consent is effective only with respect to the FLSA claims in the lawsuit and does not confer any status on the opt-in plaintiff with respect to other claims. The section requiring written consent to be a party in representative actions is strictly limited to actions brought under the FLSA, the Walsh-Healey Act, 41 U.S.C. §§35 to 45, or the Davis-Bacon Act, 40 U.S.C. §§276a to 276a-5. *Morelock v. NCR Corp.*, 586 F.2d 1096 (6th Cir. 1978), *cert. denied*, 99 S.Ct. 1995, 441 U.S. 906 (consents were not applicable to actions brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, *et seq.*); *Sperling v. Hoffmann-La Roche, Inc.*, 145 F.R.D. 357, 360 (D.N.J. 1992), *aff'd and remanded*, 24 F.3d 463 (3d Cir. 1994) (ADEA did not incorporate Section 256 of the FLSA).

In other words, while §256 makes it necessary to file a notice of consent to join or opt-in an FLSA action, this requirement is limited to actions under the FLSA, Walsh-Healy, and Davis-Bacon. A consent is necessary to accredit an opt-in to be

party to such actions but does not render an opt-in a proper party before the court with respect to any other kind of action.  Plaintiffs' Count II claims under the SCA and Florida law neither require <u>nor permit</u> joinder by filing a notice of consent. Accordingly, for all claims other than those under the FLSA, the consents filed by putative opt-ins are null and void.

B.    <u>Opt-Ins Should Be Dismissed Without Prejudice Because this Case Never Was Certified as A Collective or Class Action</u>.

Normally, when conditional certification of a collective action is denied, any existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiffs' individual claims.  *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008).  This well-established precedent should result in all opt-ins being dismissed from this action because the Court has never conditionally certified this case as a collective action under 29 U.S.C. §216(b).  No notice to potential plaintiffs ever was authorized by the Court, nor was any cutoff date for submitting such notices set: indeed, Plaintiffs filed another consent on February 20, 2019, the day before the parties are scheduled to meet in person and exchange trial exhibits.  (Dkt. 126.)

The named plaintiffs in *Fox*, like the Plaintiffs here, alleged violations of the FLSA and sought back wages. Also, like Plaintiffs in this action, they moved for conditional certification as a collective action under §216(b).  The court denied their motion for conditional certification and dismissed without prejudice the claims of the opt-in plaintiffs who had filed consents to join the litigation.  *Fox*, 519 F.3d at 1301. The dismissed opt-ins then sought to intervene in the named plaintiffs' lawsuit, but

the district court rejected that motion.  The Eleventh Circuit affirmed, holding that the district court did not err:  the former opt-ins could institute another proceeding so long as the statute of limitation, tolled between the time they signed consents and their dismissal, had not expired.  The court also noted that in *Worlds v. Department of Health & Rehabilitative Services,* 929 F.2d 591 (11th Cir. 1991), it had affirmed the denial of permissive intervention because the addition of 155 parties would have created undue delay and 10 years had passed since the suit was filed. *Worlds*, 929 F.2d at 593, 595; *Fox,* 519 F.3d at 1304–05; *accord, Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018) ("Generally, when conditional certification of a collective action is denied, existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims."). In *Mickles*, the Eleventh Circuit affirmed the district court's denial of collective action certification and found that the district court had erred only in dismissing the former opt-ins' claims with prejudice, rather than without prejudice, as per *Fox.*  *Mickles*, 929 F.2d at 1281. Other Circuits have held the same. *See Portillo v. Permanent Workers, L.L.C.*, 662 F. App'x 277, 281 (5th Cir. 2016) (explaining that "when a court declines to certify a proposed collective action, it *must* dismiss the opt-in employees, leaving only the named plaintiff's original claims.") (internal quotations omitted); *Alvarez v. City of Chicago,* 605 F.3d 445, 450 (7th Cir. 2010) (same); *O'Brien v. Ed Donnelly Enter., Inc.,* 575 F.3d 567, 573 (6th Cir. 2009) (affirming dismissal of the opt-in plaintiffs without prejudice and noting that most subsequently filed individual actions).

6

00126067

The Eleventh Circuit, in accord with the Fifth, Sixth, and Seventh Circuits, has held that when a case under §216(b) is not conditionally certified as a collective action, the proper plaintiffs are limited to those named in the lawsuit and opt-ins are dismissed without prejudice and must seek remedies elsewhere. Therefore, since a collective action has never been conditionally certified in the instant case, those who filed notices of consent to join, or opt-in, to this lawsuit are not proper parties and the trial should be limited to the claims of the three Plaintiffs in whose names the suit was filed.

C.    All Opt-Ins as to Count II and Who Filed Notices After Time to Join Expired Should Be Dismissed.

According to the Case Management and Scheduling Order entered in this case, the cutoff date for moving to amend pleadings or add parties was July 2, 2018. (Dkt. 82). Joinder of parties is governed by Fed. R. Civ. P. 20. Multiple plaintiffs may use Rule 20 to join in a single action, even an action under the FLSA, but they must do so within the framework of Rule 20. *See, e.g.*, *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984).  Joinder under Rule 20 is only by permission of the court, which "has broad discretion to join parties or not." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). None of the opt-ins here has sought the Court's permission to join this lawsuit as a party plaintiff as provided in Rule 20.  Moreover, while a potential plaintiff may join a §216(b) collective action by filing a notice of consent to join, this does not extend to Plaintiffs' SCA and state law claims: only Rule 23 class action status would entitle similarly situated individuals to participate in any award or

relief on those claims, and the Court denied Plaintiffs' class action motion in this case. (Dkt. 103.)

In the instant case, the Court's scheduling order stated plainly that the deadline for the addition of new parties was July 2, 2018. No opt-in has sought leave of the Court to join this lawsuit as a party plaintiff. Had the Plaintiffs' motion for certification as a class action pursuant to Fed. R. Civ. P. 23 been granted, all similarly situated individuals would automatically have been included in a class of plaintiffs. However, the Court denied Plaintiffs' motion and one cannot "opt-in" to a Rule 23 class action. Accordingly, all opt-ins should be dismissed as to Count II and any opt-ins with respect to the FLSA claims whose consents were filed after July 2, 2018 should be stricken for failure to comply with the Court's Order.[1]

D.    Opt-Ins Who Filed After Discovery Closed Should Be Stricken.

Also specified in the Court's scheduling order is the date for discovery to close: September 19, 2018. (Dkt. 82.) Allowing additional claimants to opt-in after this date is extremely prejudicial to Defendant as it deprives Defendant of any opportunity to propound interrogatories or requests for production upon these opt-ins or to conduct their depositions.

It is well within the Court's discretion to deny untimely requests. A district court may deny a motion for leave to amend filed after "the close of discovery, past the deadline for amendments, and past the deadline for filing dispositive motions."

---

[1] The following individuals filed consents after July 2, 2018 but before close of discovery: Sharon Black, Rhonda Sloan, Jeffrey Franks, Maryvy Morales, Jasmine Watts, Maryse Bryant and Dorothy Glover.

00126067

*Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (quoting *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002)).

Seven individuals filed consents after September 19, 2018, when discovery closed.[2] All of these should be stricken and dismissed without prejudice.

E.     Opt-Ins Who Failed to Submit Answers to the Court's Interrogatories Should Be Dismissed.

Under the Local Rules and the Court's initial FLSA Scheduling Order (Dkt. 25), Plaintiffs, including all opt-in Plaintiffs, were directed to answer the Court's interrogatories.  Plaintiffs have provided responses for only 25 individuals, including the three named Plaintiffs.[3]  (Dkt. 50, 53.)  Thus, approximately half of the opt-ins have not submitted answers to the Court's interrogatories as required by the Court's FLSA Scheduling Order. Dismissal of an action pursuant to Fed. R. Civ. P. 41(b) is appropriate when a litigant has failed to obey a direct order of the court. *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Since Plaintiffs submitted responses to the Court's interrogatories for the named Plaintiffs and some opt-ins, they plainly were aware of the requirement.  Their failure to complete this task with respect to the rest of the opt-ins looks like negligence in the light most favorable to Plaintiffs.

---

[2] The following individuals filed consents after the close of discovery on September 19, 2018:  Nancy Anderson, Preston Cooper, Raymond Jackson, Jr., Calvin J. Whitley, Edward S. Archer, Jr., Robert Robinson, and Eiram Roby.

[3] Responses to the Court's Interrogatories were filed for Jose Perez (a named Plaintiff), Jerel Bazemore, Cindy Sills, Linda Bennett, Jean Wick, Hans Giesler, Camille Thomas, Angel Abrahamson, Robert Koperski, Chatenaraine Raminaraine, Alfredo Santos (a named Plaintiff), Emila Guerrero, Moneylall Megnan, Vera Payne, Herbert Snead, Antonio Colon, Seaira Bright, Douglas Richey (a named Plaintiff), Derick Bland, Erick Quiroz, Jamie Foster, Albert Dobb, Anthony Plaza, Daniel Pizarro, and Mohamed Boutouba.

9

Dismissal without prejudice of the non-complying opt-ins would be an appropriate remedy.

## CONCLUSION

For the foregoing reasons, Defendant prays that its motion be granted, and that opt-in notices of consent to join be stricken from the proceedings.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), M.D. Fla., the undersigned has conferred with counsel for the Plaintiffs, who oppose this Motion.

Respectfully submitted this 21st day of February 2019.

|  |  |
|---|---|
|  | */s/ J. Larry Stine* |
|  | J. Larry Stine, |
|  | Georgia Bar No. 682555 |
|  | jls@wimlaw.com |
| WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C. | *Pro Hac Vice* |
| Suite 400, Lenox Towers |  |
| 3400 Peachtree Road, N.E. |  |
| Atlanta, Georgia 30326 |  |
| Phone: (404) 365-0900 |  |
| Fax: (404) 261-3707 |  |
|  | */s/ Anthony D. Tilton* |
|  | Anthony D. Tilton, Fla. Bar No. 108264 |
|  | atilton@cotneycl.com |
| COTNEY CONSTRUCTION LAW, LLP |  |
| 3110 Cherry Palm Drive |  |
| Suite 290 |  |
| Tampa, Florida 33619 |  |
| (813) 579-3278 | *Counsel for Defendant* |

00126067