# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

JOSE PEREZ, ALFREDO SANTOS, )
and DOUGLAS RICHEY, on behalf of )
themselves and all others similarly )
situated, )
                                          )
       *Plaintiffs*, )
                                          ) Civil Action File No.
v. )
                                          ) 6:17-cv-1092-Orl-41GJK
OWL, INC., d/b/a/ OWL, INC. )
TRANSPORTATION, )
       *Defendant*. )

## PLAINTIFFS' ASSENTED-TO MOTION FOR APPROVAL OF RULE 68 OFFER AND ACCEPTANCE

      Plaintiffs brought this lawsuit on behalf of themselves and other similarly situated who worked for Defendant Owl, Inc. transporting Veterans Administration patients. Among other things, Plaintiffs alleged that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay its drivers an overtime premium when they worked more than 40 hours in a week. Specifically, Plaintiffs alleged that Defendant violated the FLSA by labeling some of its drivers as "road supervisors" and classifying them as exempt from the FLSA overtime pay requirements. Plaintiffs and Defendant Owl, Inc. now jointly file this Joint Motion for Approval of Rule 68 Offer and Acceptance as to Plaintiffs Jerel Bazemore and Seaira Bright.

      This Court denied Plaintiffs' Assented-to Motion for Entry of Judgment in Favor of Plaintiffs Jerel Bazemore and Seaira Bright (Doc. 91), explaining that the record then before the Court was inadequate to permit the fairness review required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. (Dkt. 133.)

00138495

A court may approve a settlement of an FLSA claim if "it is a fair and reasonable resolution of a bona-fide dispute." Molnoski v. Batmasian, 2017 WL 3075076, at *1 (S.D. Fla. July 19, 2017) (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982)).  Thus, "[a]n employer and an employee may settle a private FLSA suit under the supervision of the district court. Such settlements are intended principally to resolve controversy over any FLSA terms actually in dispute." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011). Generally, where the parties investigate the claims at issue, exchange information, and there is a bona fide dispute over questions such as whether an employee is exemption from overtime pay, the proper rate of pay, and whether any FLSA violations are willful, courts will conclude that the proposed settlement is fair and reasonable.  DeGraff v. SMA Behavioral Health Servs., Inc., 945 F. Supp. 2d 1324, 1328 (M.D. Fla. 2013).

The parties are not seeking the approval of a class settlement here. Rather, while this Court has granted Plaintiffs' motion for issuance of notice pursuant to § 216(b) of the FLSA (ECF No. 134) of Plaintiffs' overtime claims and Plaintiffs are seeking class certification pursuant Rule 23 of their breach of contract claims, the parties now only seek approval of the settlement of opt-in Plaintiffs Jerel Bazemore and Seaira Bright's claims. Plaintiffs Bazemore and Bright accepted offers of judgment that Defendant extended to all Plaintiffs early in this litigation according to Fed. R. Civ. P. 68.  In preparing the Rule 68 offers of judgment, Defendant used its time records to calculate the amount of overtime pay that Bright and Bazemore, who were labeled as "road supervisors" and were paid on a salary basis, would have been entitled to had they been paid one and one half times their regular rate for all hours worked over 40 in any work week in accordance with 29

C.F.R. §778.114 for a three year period. Arriving at this number for back pay, Defendants doubled that amount for liquidated damages, and the sum was the Rule 68 offer. Defendant considered this amount to equal the full amount of back pay and liquidated damages which salaried Plaintiffs could have secured if their FLSA claims were completely successful. Defendant does not concede that all of its "road supervisors" must be paid overtime or that any FLSA violations are willful. Plaintiffs, meanwhile, do not agree with the method used by the Defendants to calculate overtime pay and, instead, are seeking a higher rate based on the federally-mandated prevailing rate allegedly applicable in this case. The parties, however, do agree that the Rule 68 offers of judgment accepted by Bright and Bazemore represent good faith compromises of their disputed claims.

Defendant calculated that Plaintiff Bazemore would be entitled to $4,590 in back pay, and Plaintiff Bright to $4,270: doubling that amount for liquidated damages produced an award of $9,180 for Plaintiff Bazemore and $8,540 for Plaintiff Bright. Plaintiffs Bazemore and Bright accepted the offers.

Pursuant to Fed. R. Civ. P. 68(a), once the Offer of Judgment has been accepted and the offer and notice of acceptance has been filed with the Court, the "clerk must then enter judgment." Moreover, the remaining named and opt-in Plaintiffs who did not accept offers of judgment will proceed with their claims as alleged in the complaint. Furthermore, the Court retains jurisdiction over any matter pertaining to this judgment.

Wherefore, Plaintiffs request that this Court approve the settlement of Bright and Bazemore's claims and enter final judgment in favor of Plaintiffs Jerel Bazemore and

Seaira Bright in the amounts listed above pursuant to Fed. R. Civ. P. 68(a) on all of their claims and that the judgments have been satisfied.

Respectfully submitted this 13th day of April 2018.

        Respectfully submitted,

        JOSE PEREZ, ALFREDO SANTOS, and DOUGLAS RICHEY, on behalf of themselves and all other similarly situated,

        By their attorneys,

        */s/ Shannon Liss-Riordan*
        Shannon Liss-Riordan (*pro hac vice*)
        Benjamin J. Weber (*pro hac vice*)
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, Massachusetts 02116
        (617) 994-5800
        sliss@llrlaw.com
        bjweber@llrlaw.com

        Joseph Egan
        FL Bar # 180102
        Eric Lindstrom, Esq.
        FL Bar # 104778
        EGAN, LEV, LINDSTROM & SIWICA, P.A.
        231 E. Colonial Drive
        Orlando, FL 32801
        (352) 672-6901
        jegan@eganlev.com
        elindstrom@eganlev.com

DATED: April 1, 2019

5

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on April 1, 2019, I conferred with counsel for Defendant Owl, Inc. and Defendant assented to this motion.

/s/ Shannon Liss-Riordan  
Shannon Liss-Riordan

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, a true and accurate copy of the foregoing Motion was filed via this Court's CM/ECF system.

/s/ Shannon Liss-Riordan  
Shannon Liss-Riordan

00138495

5