**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSE PEREZ, ALFREDO SANTOS, and
DOUGLAS RICHEY, on behalf of
themselves and others similarly situated,

**Plaintiffs,**

-vs-                                                                          Case No.  6:17-cv-1092-CEM-GJK

OWL, INC.,

**Defendant.**
_____

**ORDER**[1]

This cause came on for consideration on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' ASSENTED-TO RENEWED MOTION FOR APPROVAL OF THE SETTLEMENT AND ENTRY OF FINAL JUDGMENT (Doc. No. 188)** |
| **FILED:** | November 16, 2021 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

On June 15, 2017, Plaintiffs Jose Perez, Alfredo Santos, and Douglas Richey (collectively, the "Named Plaintiffs") filed a Class and Collective Action Complaint (the "Complaint"). Doc. No. 1. Named Plaintiffs allege that they worked as drivers for Defendant Owl, Inc., and that they routinely worked more

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

than forty hours a week but were not paid overtime in violation of the Fair Labor Standards Act ("FLSA"). *Id.* at ¶ 1. They also allege that Defendant "breached its contracts with [Named] Plaintiffs and other drivers by failing to pay them at the applicable prevailing wage rate for all hours worked." *Id.* at ¶ 3. Named Plaintiffs assert Count I under the FLSA and label it a "Collective Action," and Count II as Breach of Contract and label it a "Rule 23 Class Action." *Id.* at 9-11. Named Plaintiffs bring their claims on behalf of themselves and other "similarly situated individuals, namely, all other persons who have worked for [Defendant] as drivers transporting patients." *Id.* at ¶ 11. On March 11, 2019, the Court conditionally certified two collective subclasses. Doc. No. 134.

On May 17, 2019, the Court granted summary judgment for Defendant on Count II. Doc. No. 151. On Named Plaintiffs' motion, the Court certified the order for interlocutory appellate review, Doc. No. 157, and on November 19, 2019, the Eleventh Circuit issued its mandate denying Named Plaintiffs' permission to appeal the judgment as to Count II. Doc. No. 158.

On October 13, 2021, Named Plaintiffs filed a motion for approval of the parties' settlement agreement (the "Motion"). Doc. No. 183. The settlement agreement attached to the Motion was not signed. Doc. No. 183-1 at 10-11.

On October 25, 2021, the Court entered an Order directing Named

2

Plaintiffs to file a signed settlement agreement or show cause why the Motion should not be denied by November 1, 2021. Doc. No. 184. On November 1, 2021, Named Plaintiffs filed an unopposed motion for an extension of time of two days to file a signed settlement agreement. Doc. No. 185. On November 3, 2021, the Court granted the extension of time. Doc. No. 186. As of November 16, 2021, a signed settlement agreement was not filed, and the Court denied the Motion. Doc. No. 187.

On that same day, Named Plaintiffs filed a renewed motion (the "Renewed Motion") to approve the settlement agreement, including a signed copy of the agreement (the "Agreement"). Doc. Nos. 188, 188-1. On January 20, 2022, the undersigned ordered the parties to provide briefing regarding the applicability of *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), *mandate withheld pending petition for rehearing en banc*, No. 18-12344 (Nov. 9, 2020). Doc. No. 189. Defendant provided its memo on January 24, 2022, Doc. No. 191, and Named Plaintiffs filed their memo on January 27, 2022, Doc. No. 199. On February 3, 2022, the Court held a hearing on the Renewed Motion. Doc. No. 203.

Several issues preclude granting the Renewed Motion. First, the case number in the caption for the Agreement should be changed from "6:17-cv-1092-URL-41-GJK" to "6:17-cv-1092-CEM-GJK." Doc. No. 188-1 at 2.

Second, Named Plaintiffs represent in the Renewed Motion that "Opt-In Plaintiffs will receive the full amount of their unpaid overtime, plus one-half liquidated damages . . . ." Doc. No. 188 at 12. But the agreement states that the Opt-In Plaintiffs will receive a "distribution of "50% back wages and 50% liquidated damages." Doc. No. 188-1 at 5. There is therefore a conflict between the Agreement and the representations in the Renewed Motion.

Third, Named Plaintiffs represent that "in light of [Defendant's] possible good-faith defense, a compromise of one-half liquidated damages is fair and reasonable here." Doc. No. 188 at 14. But no facts are provided regarding this good faith defense. Pursuant to 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional *equal* amount as liquidated damages. The award of liquidated damages is mandatory unless the employer can show that its actions were taken in good faith and that it had reasonable grounds for believing its actions did not violate the statute. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008). The Renewed Motion does not provide a reasonable basis for an award less than the full amount of liquidated damages. Without an explanation as to how this a compromise of one-half liquidated damages was determined, the Court cannot approve the Agreement.

4

Fourth, the Agreement contains a provision stating it may not be modified except in writing and signed by the parties, but there is no mention of Court approval. Doc. No. 188-1 at 8. This provision appears to attempt to negate the necessity of Court approval of the Agreement, as it provides for the parties to modify the settlement agreement without any review by the Court. Thus, it is unenforceable. *See Madison v. United Site Servs. of Fla., Inc.*, No. 6:16-CV-1991-CEM-DCI, 2018 WL 2197757, at *1 (M.D. Fla. May 14, 2018) ("Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreements are unenforceable absent judicial approval.").

Fifth, and crucially, there are conflicts among the applicable dates for determining the amount of the distributions to the Opt-In Plaintiffs. The notice of the Agreement states that the amount will be distributed to those that opted in on a pro rata basis based on the number of weeks the person worked for Defendant since June 16, 2014. Doc. No. 188-2 at 1. The Agreement also states that the distribution will be based on the number of workweeks the Opt-In Plaintiff worked from June 16, 2014, through July 15, 2019. Doc. No. 188-1 at 5. That starting date is three years before the complaint was filed in this case. Doc. No. 1. But the chart attached to the agreement labelled "Owl Settlement Distribution" contains a column labeled, "Weeks Worked 2 Year SOL to

5

2/1/2018." Doc. No. 188-1 at 16. And the Renewed Motion states that "Plaintiffs who worked unpaid overtime hours within the two-year FLSA statute of limitations will receive their single damages given this Court's ruling on the wage rate they can recover and [Defendant's] payroll records." Doc. No. 188 at 14. Because of these different representations, the dates used to determine the distributions cannot be discerned. At the hearing, held on February 3, 2022, Doc. No. 203, the parties agreed to file a notice of errata to correct this issue, but none has been filed. Without this information, the Court cannot discern whether the Agreement is fair and reasonable.

A final issue meriting discussion is the provision in the Agreement that Named "Plaintiffs may seek approval of service awards to the three named plaintiffs of up to $10,000 each." Doc. No. 188-1 at 4. In *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020) (*pending petition for rehearing en banc*), the Eleventh Circuit held that awards for class action representatives that compensate them for their time and reward them for bringing lawsuits are prohibited. "A plaintiff suing on behalf of a class can be reimbursed for attorneys' fees and expenses incurred in carrying on the litigation, but he cannot be paid a salary or be reimbursed for his personal expenses." *Id.* at 1257. The Eleventh Circuit stated that such an award "is roughly analogous to a salary . . .

6

." *Id.* "Incentive awards are intended not only to compensate class representatives for their time (i.e., as a salary), but also to promote litigation by providing a prize to be won (i.e., as a bounty)." *Id.* at 1258. Prohibiting these awards is also in line with Eleventh Circuit "precedent carefully scrutinizing settlements that give class representatives preferred treatment." *Id.* at 1259 n.9.

Named Plaintiffs argue that *Johnson* is a class action case brought under Federal Rule of Civil Procedure 23 and thus does not apply to this collective action under the FLSA. Doc. No. 199 at 2. They argue that they actively participated in the case in the furtherance of the public interest, which resulted in significant benefits to the Opt-In Plaintiffs. *Id.* at 2-3. The Named Plaintiffs state that they "took significant risks in coming forward to represent the interests of their fellow employees, including risking their jobs with [Defendant], in order to participate in this case on behalf of the collective action members." *Id.* at 3. Two of the Named Plaintiffs lost their jobs with Defendant during the litigation. *Id.*

The Eleventh Circuit's holding in *Johnson* was based in part on *Trustees v. Greenough*, 105 U.S. 527 (1882), which also was not a class action case. *Johnson*, 975 F.3d at 1255-60. The Eleventh Circuit noted that in *Greenough*, the Supreme Court rejected a private litigant's award for "personal services and private expenses." *Id.* at 1257.

7

Because the Eleventh Circuit did not attribute significance to *Greenough* not being a class action, it is unclear why this Court should attribute significance to this action being a collective action, and not a class action. *See Poblano v. Russell Cellular Inc.*, 543 F. Supp. 3d 1293, 1295 n.1 (M.D. Fla. 2021) (declining to approve FLSA collective settlement agreement due to service awards to named plaintiffs and rejecting argument that *Johnson* is distinguishable as a class action compared to a FLSA collective action: "The reasoning . . . is equally, if not more, compelling for the Court to conclude that it applies to collective actions brought under the FLSA."). Instead, it appears that under *Johnson*, the relevant analysis is whether the awards are truly for Named Plaintiffs' time and to reward them for bringing this litigation. *See Johnson*, 975 F.3d at 1260. As justification for the awards, Named Plaintiffs point to their participation in the case in furtherance of the public interest, their risk involved in doing so, and the benefits achieved for the Opt-In Plaintiffs. Doc. No. 199 at 2-3. These reasons are sufficiently similar to compensating Named Plaintiffs for their time and rewarding them for bringing this lawsuit such that the awards are prohibited by *Johnson*.

Named Plaintiffs also argue that district courts within the Eleventh Circuit approved "incentive payments" after *Johnson*. Doc. No. 199 at 4. In the cases cited to support this statement, however, Named Plaintiffs describe the payments as

8

being labeled as separate consideration for general releases or releases of claims in addition to those that the class released. *Id.* at 4 n.1. Here, the awards are not separate consideration for a release of other claims.[2] Doc. No. 188-1 at 4. Thus, the awards are prohibited under *Johnson*.

As the parties recognize, the awards do not prohibit approval of the Agreement, as it specifically provides for the contingency that they are not approved. *Id.* The Agreement states, "To the extent that the service awards are not approved by the Court, they shall be distributed on a pro rata basis to the Named and Opt-in Plaintiffs as based on their settlement shares." *Id.*

Accordingly, it is **ORDERED** as follows:

1. The Renewed Motion (Doc. No. 188) is **DENIED**; and

2. **On or before April 4, 2022**, Named Plaintiffs are directed to file a second renewed motion to approve the settlement addressing the issues

---

[2] Even if the awards were designated as consideration for separate releases from the Named Plaintiffs, they still might not be approved. *See Thomas, et al. v. JSTC, LLC, et al.*, No. 6:19-cv-01528-RBD-GJK, Doc. No. 110 at 18-23 (M.D. Fla. Mar. 9, 2022) (in considering whether to approve settlement agreement in FLSA collective action, report and recommendation found that $10,000 labeled as consideration for each of the named plaintiffs for their general releases were prohibited incentive awards under *Johnson*).

discussed herein.

**DONE** and **ORDERED** in Orlando, Florida, on March 23, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record