# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOSE PEREZ, ALFREDO SANTOS, and DOUGLAS RICHEY, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>OWL, INC., d/b/a/ OWL, INC. TRANSPORTATION,<br><br>*Defendant*. | Civil Action File No.<br><br>6:17-cv-1092-CEM-GJK |

## PLAINTIFFS' SECOND ASSENTED-TO MOTION FOR SETTLEMENT APPROVAL

On November 16, 2021, Plaintiffs filed their Renewed Motion for Approval of the Settlement and Entry of Final Judgment. ECF No. 188. On March 22, 2022, this Court denied the motion and directed Plaintiffs to file a second renewed motion to approve the settlement addressing issues identified in its Order. ECF No. 211. Plaintiffs address the issues discussed by the Court below.

Rather than restate all of the facts and arguments in support of their motion for settlement approval, Plaintiffs generally rely on the background and arguments made in their earlier-filed motion in support of settlement approval. ECF No. 188. In addition, Plaintiffs now address each of the concerns the Court described in its Order dated March 23, 2022.

The Court raised five issues with the Settlement Agreement that precluded the Court's approval. The parties address the Court's concerns as follows:

1.      The Court noted that the case caption for the Settlement Agreement should be changed to conform with the docket number assigned to the case. That change has been made pursuant to the parties' Addendum to the Settlement Agreement at ¶ 1 (attached as Ex. A).

2.      The Court noted a conflict between Plaintiffs' motion for settlement approval, which states that "Opt-In Plaintiffs will receive the full amount of their unpaid overtime, plus one-half liquidated damages," and the Settlement Agreement, which stated that settlement distributions would be treated for tax purposes as being for "50% back wages and 50% liquidated damages." That discrepancy has been fixed. The Settlement Agreement now states: "The distribution will be treated for tax purposes as 67.7% back wages and 33.3% liquidated damages. Defendant shall issue IRS form W-2 for the back wages and 1099 for liquidated damages to each individual." Addendum to the Settlement Agreement at ¶ 2.

3.      The Court further requested that the parties provide a "reasonable basis for an award less than the full amount of liquidated damages." Order at p. 4. In response, there remains a dispute as to whether driver-supervisors are exempt from overtime. The Court denied Plaintiffs' motion for summary judgment on that issue. ECF No. 151 at p. 7. Defendant, as a compromise, offered to pay a total amount of the back wages had it lost that issue at trial. Plaintiffs had rejected that offer but the Parties through intense negotiations compromised to take 50% of the liquidated damages plus the total back wages plus additional money to arrive at a total number that Defendant was willing to pay. Thus, the amount of liquidated damages represents a fair compromise that produces significant value for the Opt-In Plaintiffs with no assurance of success.

In addition, since the Court denied Plaintiffs' request to issue $30,000 in service awards to the three named Plaintiffs, pursuant to the Settlement Agreement, that amount would be

00465928

redistributed to Opt-Ins with timely claims on a pro-rata basis.[1]  As a result, the Opt-Ins will receive slightly more than 50% of their projected liquidated damages.  The revised Distribution List is attached to Settlement Addendum as Ex. 1.

    4.    The Court raised an issue with Paragraph 10 of the Settlement Agreement, which states: "**Amendment**. This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Settlement Agreement and Release."  The Court found that this "provision appears to attempt to negate the necessity of Court approval of the Agreement, as it provides for the parties to modify the settlement agreement without any review of the Court."  Order at p. 5.

As a preliminary matter, the Settlement Agreement states at Paragraph 13 that the Settlement Agreement is "invalid without Court approval."[2]  Paragraph 16 further states the necessity for Court approval of the settlement.[3]  The parties, therefore, did not set forth

---

[1]     Plaintiffs maintain their objection to the portion of this Court's decision to deny the distribution of incentive payments.  While the denial of the proposed incentive payments does not prevent the approval and distribution of the settlement pursuant to the parties' agreement, Plaintiffs retain the right to appeal this portion of the Court's ruling and may refile for settlement approval is the incentive payments are restored on appeal.  Defendant does not take a position on this issue at this time.

[2]     Paragraph 13 states in full:

> **Invalid Without Court Approval**. In addition to the possible impact of an appellate ruling outlined above at Paragraph 6, this Settlement Agreement and Release is subject to approval by the United States District Court for the Middle District of Florida in the FLSA Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in this litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release.

[3]     Paragraph 16 states:

00465928

Paragraph 10 as an attempt to avoid the required Court approval process. In response to the Court's concerns, the Paragraph 10 of the Settlement Agreement has been amended as follows:

> **Amendment**. This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Settlement Agreement and Release up to the submission of the Agreement to the Court for its approval of the Agreement. In event that any substantive changes to the Agreement are deemed necessary by the Parties after the Court has granted approval of the Settlement, the changes will be further submitted to the Court for approval as well pursuant to the terms of this Agreement.

See Addendum to the Settlement Agreement at ¶ 3.

5. The Court found that there were conflicts among the applicable dates for determining the amount of the distributions to the Opt-In Plaintiffs. Order at p. 5. Specifically, the Notice and Agreement state that the settlement amounts are based on the number of weeks each Opt-In Plaintiff worked from June 16, 2014 to July 15, 2019. Plaintiffs, however, have calculated shares based on the number of weeks Opt-In Plaintiffs worked within the FLSA's two-year statute of limitations dating from the date when the individual filed their Opt-in Form.[4]

---

> **Court Approval Process**. Plaintiffs shall prepare and file, subject to Defendant's approval, an Assented-to Motion for Court Approval of this settlement, including the reasonableness of Plaintiffs' attorneys' fees, and dismissal of the FLSA Litigation. Upon approval of the Settlement, the Plaintiffs shall file a notice of appeal with the Eleventh Circuit.

[4] The ordinary statute of limitations in cases brought under the FLSA is two years, although a that may be extended to three years upon a finding that a defendant committed a willful violation of the FLSA pursuant to 29 U.S.C § 255(a). Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1323 (11th Cir. 2007). "If an employer acts unreasonably but not recklessly in determining its legal obligation under the FLSA, then its actions should not be considered willful and the two-year statute of limitations should be applied." Id. at 1324 (11th Cir. 2007). Moreover, "[u]nder the FLSA, the statute of limitations on prospective plaintiffs' claims is not tolled by filing of a collective action complaint or the entry of an order certifying a collective action. 29 U.S.C. § 256; Grayson v. K Mart Corp., 73 F.3d 1086, 1107 (11th Cir. 1996). "The clock will only stop running for a particular plaintiff if he files a written consent to opt-in (or, of course, a separate complaint)." Parilla v. Allcom Constr. & Installation Serv., LLC, 2010 WL 73719 at *1 n.5 (M.D. Fla. Feb. 24, 2010)2010 WL 73719 at *1 n.5 (M.D. Fla. Feb. 24, 2010).

The Agreement has been revised as noted in the attached Addendum.  Further, the parties have agreed to the revised Notice of Settlement attached as Ex. B.

For the reasons stated above and in Plaintiffs' Assented-to Renewed Motion for Approval of the Settlement and Entry of Final Judgment (ECF No. 188), the Parties respectfully request an order: 1) granting approval of the proposed Settlement Agreement; 2) approving attorneys' fees and costs; 3) approving the plan of notice to opt-ins, including approving the proposed Notice; and 4) entering final judgment in the amount of $350,000 in favor of Plaintiffs so that Plaintiffs may appeal this Court's rulings to the Eleventh Circuit.  See Proposed Order (attached as Ex. C).

Respectfully submitted,

*/s/ Benjamin J. Weber*
Shannon Liss-Riordan (*pro hac vice*)
Benjamin J. Weber (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
bjweber@llrlaw.com

Joseph Egan
FL Bar # 180102
Eric Lindstrom, Esq.
FL Bar # 104778
EGAN, LEV, LINDSTROM & SIWICA, P.A.
231 E. Colonial Drive
Orlando, FL 32801
(352) 672-6901
jegan@eganlev.com

00465928

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on April 4, 2022, counsel for Plaintiffs conferred with counsel for Defendant, who assented to motion for settlement approval.

/s/ Benjamin J. Weber
Benjamin J. Weber

## **CERTIFICATE OF SERVICE**

I hereby certify that on April; 4, 2022, a true and accurate copy of the foregoing motion was filed via this Court's CM/ECF system.

/s/ Benjamin J. Weber
Benjamin J. Weber

00465928